# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR03-0001-LRR |
| Plaintiff, | No. C04-0051-LRR |
| vs. | ORDER |
| WALTER DIRKS, | |
| Defendant. | |

This matter comes before the court pursuant to an evidentiary hearing conducted on June 8, 2006. Matthew Cole represented the government, and Clemens Erdahl represented the defendant. The defendant participated via telephone. Alfred Willett appeared and testified in court.

On November 15, 2005, the Eighth Circuit Court of Appeals remanded the case for the limited purpose of conducting an evidentiary hearing on the defendant's claim that counsel, that is, Mr. Willet, failed to file a direct appeal. The Eighth Circuit Court of Appeals also directed the court to certify its findings of facts and conclusions of law.

During the evidentiary hearing, the defendant testified that there was some discussion of a stipulated sentence of 162 months, that Mr. Willett advised him that he would not be able to appeal anything before his sentencing, that the undersigned advised him of his right to appeal at the sentencing hearing, that he told Mr. Willett to appeal while at counsel's table, and that he did not talk to Mr. Willett after the court sentenced him. With respect to his stipulated sentence, the defendant acknowledged that he spoke to Mr. Willett prior to being sentenced, that the court asked him at the time of sentencing whether he agreed to 162 months imprisonment, that he answered the court's question in the affirmative, and that Mr. Willett told the court that a better result than 162 months could

not be guaranteed. He also testified that, after he received 162 months imprisonment pursuant to the stipulation, he was in disbelief or stunned because Mr. Willett did not argue for 84 months imprisonment. Further, the defendant testified that he was familiar with the judicial system because this was not the first time he had been convicted and that he did not have any documentation which indicated he had asked Mr. Willett to file an appeal. Although he acknowledged that the court advised him that he had ten days to file a written notice of his desire to appeal, the defendant did not submit such notice because he was counting on Mr. Willett to do the correct thing. Even after the ten days passed, the defendant did not contact Mr. Willett to check on the status of his appeal. In addition, the defendant acknowledged that he heard Mr. Willett advise the court at the time of sentencing that he knew there would not be anything to appeal, and he did not stop or interrupt Mr. Willett. Finally, the defendant testified that, if there were no legal errors, there would be no need to appeal and that he really did not have time to tell Mr. Willett what to appeal.

Also, Mr. Willett testified at the evidentiary hearing that, prior to the sentencing hearing, he and the government reached a tentative agreement regarding a stipulated sentence and that he discussed the eventual stipulated 162 month sentence with the defendant. His discussion with the defendant included reasons why he believed it was appropriate to stipulate to 162 months and not a lower number. Mr. Willett testified that, in light of the defendant's difficulty in understanding legal concepts, he needed to have numerous discussions with the defendant in order to be satisfied that he understood and agreed to what was being done. In addition, Mr. Willett testified that it is his usual practice to inform a defendant about what he is or is not doing with respect to an appeal and he normally does so by letter. In this case, Mr. Willett did not send the defendant a letter. Further, Mr. Willett testified that he did not receive either an oral or a written appeal request from the defendant, and, although he did not send a letter to the defendant, he believed that he made it very clear at the time of sentencing that he would not be

pursuing an appeal. In the event that the defendant had requested an appeal, Mr. Willett indicated that he would have filed an appeal and submitted an *Anders* brief because the defendant had entered into a stipulated sentence. Moreover, Mr. Willett reviewed the sentencing memorandum that he filed on September 10, 2003 and testified that, in the event the court did not accept the stipulated sentence, he was prepared to pursue several defense positions. Finally, Mr. Willett testified that he did advise the defendant that he could appeal if there were any legal errors and that there probably would be no contingencies that would allow an appeal to be taken because of the stipulated sentence.

In light of the evidentiary hearing and the record, the court finds as follows:

> 1) the defendant failed to show that he directed or instructed Mr. Willett to file an appeal after his sentencing;
>
> 2) the defendant's contention that he requested an appeal because he did not receive 84 months imprisonment is not credible in light of the discussions concerning the stipulated sentence of 162 months;
>
> 3) the defendant's contention that he requested an appeal is further weakened by the fact that Mr. Willett made clear at the time of sentencing that the defendant did not have anything to appeal;
>
> 4) the defendant's contention that he requested an appeal is also weakened by the fact that he never contacted Mr. Willett regarding his appeal and only raised the failure to file an appeal in his 28 U.S.C. § 2255 motion; and
>
> 5) Mr. Willett's contention that the defendant never asked him to file an appeal is bolstered by what was communicated to the defendant by Mr. Willett prior to the sentencing hearing and by Mr. Willett and the court during the sentencing hearing.

The defendant contends that Mr. Willett rendered ineffective assistance when he failed to file a direct appeal.

> A "counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of [28 U.S.C. §] 2255." *Estes v. United*

3

> *States*, 883 F.2d 645, 648 (8th Cir. 1989) (citations omitted).
> A showing of actual prejudice is not necessary. [*Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)] (citing *Holloway v. United States*, 960 F.2d 1348, 1356-57 (8th Cir. 1992)). Nevertheless, for a petitioner to succeed, he must show that he made his desire to appeal evident to his attorney. *See Barber*, 204 F.3d at 1182. "A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the factfinder finds to be more credible indicates the contrary proposition." *Id*. (citation omitted).

*Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002). Here, the defendant and Mr. Willett have proffered conflicting testimony, that is, the defendant claims that he expressed his desire to appeal and Mr. Willett contends that the defendant never requested an appeal. As previously determined, Mr. Willett's testimony is more credible, especially in light of the defendant's stipulated sentence of 162 months. In contrast, the defendant only offers self-serving testimony. Aside from the defendant's self-serving testimony, there is simply no evidence that the defendant asked Mr. Willett to file an appeal. Accordingly, the court concludes that Mr. Willett did not provide ineffective assistance. The Clerk of Court is directed to certify this order and forward it to the Eighth Circuit Court of Appeals for further disposition.

**IT IS SO ORDERED**.

**DATED** this 14th day of June, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA